Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Eastern District of New York

1:19-cv-02886

Clinton Engram, Jane Doe, individually and
on behalf of all others similarly situated

                Plaintiffs

        - against -

Wyeth Consumer Healthcare LLC

                Defendant

Complaint

        Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

        1.     Wyeth Consumer Healthcare LLC ("defendant") manufactures, distributes, markets, labels and sells combination lip balm-sunscreen products under the Chapstick brand (the "Products").

        2.     The Products are sold to consumers from third-party retailers, including brick-and-mortar stores and online, and directly from defendant's website.

        3.     The relevant front label representations include: (1) Skin Protectant, Sunscreen, Broad Spectrum SPF 15, (2) Moisturizer – 2 in 1 Lipcare and (3) 8 Hour Moisture – SPF 15.

1




4. The emphasis on "8 Hour Moisture" combined with "SPF 15" causes consumers to expect the Product provides extended wear protection (8 hours) from the sun, as opposed to the actual two (2) hours indicated in the mandatory Drug Facts on the back of the Product under "Directions."[1]



*Directions*

- Apply liberally 15 minutes before sun exposure
- Reapply at least every 2 hours

---

[1] 21 CFR 201.327

5. The representations of "8 hour moisture," when combined with "SPF 15," represent the Products are able to provide "all-day" or extended wear protection against sun damage, instead of no more than the actual two hours indicated as time between applications.[2]

6. Reasonable consumers are accustomed to sunscreen products bearing duration protection claims, such that they will plausibly apply and link the 8 hours to frequency of application to maintain the benefits of sun protection.

7. There is no other plausible reason why a specific, finite duration for the moisture-producing abilities of the Products is used in this way, especially because consumers value and will pay more for sun protection products which provide longer protection from the sun.

8. This misrepresentation also increases the risk of consumer harm, because it encourages less-frequent and under-application of the Products since the only application-related front-label claim is related to how much moisture it provides.

9. Lips receive the highest exposure to ultraviolet light in the facial area due to (1) the upright position of lower lip, tilted at c. 40–60 degrees against the horizon, (2) continuous exposure to solar radiation and (3) a lack natural protection from sun.

10. However, lip-protection products containing sunscreen components face obstacles to successful use by consumers: (1) generally applied in a thinner layer than sunscreen applied to other parts of the body and (2) application is too infrequent and erratic for adequate protection.[3]

11. Appropriate use of lip-protection-sunscreen products reduces acute and chronic hazards of UV radiation risk of skin damage, including cancer and have few risks of misuse.

---

[2] 21 CFR 310.545(a)(29)(ii); 21 CFR 201.327
[3] H. Maier et al. "*Assessment of thickness of photoprotective lipsticks and frequency of reapplication: results from a laboratory test and a field experiment*," British Journal of Dermatology 148.4 (2003): 763-769.

12. Lip-protectant-sunscreen products are allowed to have fewer labeling requirements than sunscreen-only products, mainly because their packaging and surface area is too small to accommodate the standard information.[4]

13. Defendant's Products are alone amongst the product-type in providing a duration or finite claim with respect to any feature of the products.

14. While other products tout their moisture-creation abilities, none do so in a definitive and precise way, as indicated in the images below.

- "Complete Moisture"
- "A Surge of Moisture"
- "Moisture Plus"

- "Moisturization for all seasons"

- "Triple Moisture"





15. The Products contain other representations which are misleading and deceptive.

16. As a result of the false and misleading labeling, the Products are sold at a premium price – no less than $3.99 per product, excluding tax – compared to other similar products represented in a non-misleading way.

---

[4] 21 C.F.R. § 352.52(f)(1)(ii)

4

## Jurisdiction and Venue

17.   Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

18.   Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

19.   This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

20.   Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

21.   A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

22.   Plaintiff is a citizen of Kings County, New York.

23.   John and Jane Doe plaintiffs are citizens of the other 49 states.

24.   John and Jane Doe are individuals in the other 49 states who have been affected by the conduct alleged here but their true identities are not fully known.

25.   John and Jane Doe may be used in the complaint to refer to representatives of sub-classes of the various states and at such time their identities will be disclosed.

26.   The allegations as related to laws of other states serves as a placeholder upon joinder or amendment.

27.   Defendant is a Delaware limited liability company with its principal place of business in Richmond, Virginia and upon information and belief, not all members are citizens of New York.

28.   During the class period, plaintiffs purchased one or more Products for personal use

5

and application with the representations described herein, for no less than the price indicated, *supra*, excluding tax, within their districts and/or states.

29. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

30. Plaintiff would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

31. The classes will consist of all consumers in the following states: all, New York, California, who purchased any Products containing the actionable representations during the statutes of limitation.

32. A class action is superior to other methods for fair and efficient adjudication.

33. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

34. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

35. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

36. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

37. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

6

38. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

39. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

40. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350, California Consumers Legal Remedies Act, Civ. Code §§ 1750-1785 ("CLRA") and Consumer Protection Statutes of Other States and Territories</u>

41. Plaintiff and John and Jane Doe plaintiffs, representing the 49 other states where they reside and purchased the Products, incorporate by reference all preceding paragraphs and assert causes of action under the consumer protection statutes of all 50 states.

a. Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

c. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

d. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;

e. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

f. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

g. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

h. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

i. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes* § 501.201, *et. seq.*;

j. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

k. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

l. Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

m. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

n. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

o. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

p. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

q. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

r. Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

s. Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

t. Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

u. Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;

v. Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

w. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

x. Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

y. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

z.  New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

aa. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

bb. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

cc. New York General Business Law ("GBL") §§ 349 & 350;

dd. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

ee. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ff. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

gg. Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

hh. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

ii. South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

jj. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

kk. Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;

ll. Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

mm. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

nn. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

oo. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

42. Named plaintiff asserts causes of action under New York General Business Law ("GBL") §§ 349 & 350.

43. Jane Doe plaintiffs assert causes of action under the laws of the other 49 states,

including the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA").

44. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

45. Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

46. Jane Doe California plaintiff and members of the California Subclass engaged in transactions as consumers who bought the Products for personal, family, or household application or use. Cal. Civ. Code § 1761(d)-(e).

47. In accordance with Civ. Code § 1780(a), Jane Doe California Plaintiff will seek injunctive and equitable relief for violations of the CLRA and an injunction to enjoin the deceptive advertising and sales practices.

48. After mailing appropriate notice and demand Jane Doe California Plaintiff will have mailed and/or have amended the complaint to include a request for damages. Cal. Civil Code § 1782(a), (d).

49. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA.

50. Defendant violated the GBL, CLRA, et seq., by falsely representing to Plaintiffs that the Products 8-hour moisture claim obviated the need for re-application every 2 hours.

51. Pursuant to California Civil Code § 1780(a)(2) and (a)(5), Jane Doe California Plaintiff will seek an order that requires Defendant to remove and/or refrain from making representations on the Products' packaging that implied an 8-hour protection from the sun.

52. Plaintiffs and prospective class members may be irreparably harmed and/or denied

an effective and complete remedy if such an order is not granted.

53. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

Violations of California's False Advertising and Unfair Competition Law
(On Behalf of California Subclass)

54. Jane Doe California Plaintiff realleges paragraphs above.

55. Defendant falsely advertised the Products by obfuscating the amount of sun protection applied in one application by emphasizing a finite moisture-provision claim.

56. Jane Doe California Plaintiff and other members of the California Subclass were injury in fact and lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

57. Jane Doe California Plaintiff seeks an order requiring Defendant to remove and/or refrain from making the representations on the Products' packaging.

Violations of California's Unfair Competition Law
(On Behalf of the California Subclass)

58. Jane Doe California Plaintiff realleges all paragraphs above.

59. Defendant violated California's Unfair Competition Law ("UCL") and the Bus. & Prof. Code §§ 17200-17210, as to the Jane Doe Plaintiff California Subclass by engaging in unlawful, fraudulent, and unfair conduct as a result of its violations of (a) the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9); (b) the FAL, Cal. Bus. & Prof. Code § 17500 et seq.; and (c) the Cal. Bus. & Prof. Code §§ 17580-17581.

60. Defendant's acts and practices violate the UCL's proscription against fraudulent and unfair conduct.

61. Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers.

62. Jane Doe California Plaintiff and other members of the California Subclass were deceived due to Defendant's marketing, advertising, packaging, and labeling of the Products, which misrepresent and/or omit the true facts.

63. Jane Doe California Plaintiff and the other California Subclass members suffered substantial injury by buying Products they would not have purchased absent the unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by paying a premium price for the Products.

64. There is no benefit to consumers or competition by deceptively marketing and labeling the Products.

65. Pursuant to California Business and Professional Code § 17203, Jane Doe California Plaintiff and the California Subclass seek an order that Defendant:

(a) remove and/or refrain from making representations on the Products' packaging which imply an all-day, extended wear sun-protection;

(b) provide restitution to Jane Doe California Plaintiff and the other California Class members;

(c) disgorge all revenues obtained as a result of violations of the UCL; and

(d) pay Jane Doe California Plaintiff and the California Subclass' attorney fees and costs.

<u>Negligent Misrepresentation</u>

66. Plaintiff incorporates by references all preceding paragraphs.

67. Defendant misrepresented the protective, substantive, compositional, health, quality and other attributes of the Products.

68. Defendant misrepresented the protective values of the Products and took advantage of cognitive shortcuts made by consumers take at the point-of-sale.

69. Defendant had a duty to disclose and/or provide a non-deceptive, lawful description and emphasis of the Products' attributes and qualities, with respect to sun protection, given the choice to emphasize a duration for the amount of moisture purportedly provided.

70. This duty is based on defendant's position as a trusted entity which has held itself out as having special knowledge in the production, service and/or sale of the product type.

71. Defendant negligently misrepresented and/or negligently omitted material facts.

72. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

73. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

74. Plaintiff incorporates by references all preceding paragraphs.

75. Defendant manufactures and sells products which purport to require one application for sun protection in an 8-hour period.

76. Defendant warranted to plaintiff and class members that the Products' sun-protection abilities were different than they were, which was not truthful and misleading.

77. Plaintiff desired to purchase products which were as described by defendant.

78. Defendant had a duty to disclose and/or provide a non-deceptive description of the Products and knew or should have known same were false or misleading.

79. The Products did not conform to their affirmations of fact and promises, wholly due

to defendant's actions.

80. The Products were not merchantable in their final sale form.

81. Plaintiff and class members relied on defendant's claims, paying more than they would have.

## Fraud

82. Plaintiff incorporates by references all preceding paragraphs.

83. Defendant's actions were motivated by increasing their market share amongst personal care companies providing combination lip-protection-sunscreen products.

84. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

## Unjust Enrichment

85. Plaintiff incorporates by references all preceding paragraphs.

86. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3. Injunctive relief for members of the New York Subclass pursuant to GBL §§ 349 and 350, without limitation;

4. An award of restitution pursuant to California Business and Professions Code §§ 17203 and 17535 for Jane Doe California Plaintiff and members of the California Subclass;

5. An award of disgorgement pursuant to California Business and Professions Code §§ 17203 and 17535 for Jane Doe California Plaintiff members of the California Subclass;

6. An order enjoining Defendant, pursuant to California Business and Professions Code §§ 17203 and 17535, to remove and/or refrain from using representations on Defendant's Products described here;

7. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law, GBL, CLRA and other statutory claims;

8. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

9. Such other and further relief as the Court deems just and proper.

Dated: May 15, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

1:19-cv-02886
United States District Court
Eastern District of New York

Clinton Engram, Jane Doe individually and on behalf of all others similarly situated

Plaintiff

- against -

Wyeth Consumer Healthcare LLC

Defendant

Complaint

Sheehan & Associates, P.C.<br>
505 Northern Blvd., #311<br>
Great Neck, NY 11021<br>
Tel: (516) 303-0052<br>
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: May 15, 2019

/s/ Spencer Sheehan<br>Spencer Sheehan