**Sheehan & Associates, P.C.**

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

August 28, 2019

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   1:19-cv-02886-ERK-PK
      Engram v. Wyeth Consumer Healthcare LLC

Dear Magistrate Judge Kuo:

This office, along with co-counsel Michael Reese, of Reese LLP, represents the plaintiff. In accordance with the Individual Motion Practices of Senior Judge Edward R. Korman, the present non-dispositive motion to add or join a party, Pfizer, Inc., and a request for issuance of a summons, is made to your Honor.  Exhibit "A."

On August 16, 2019, your Honor granted plaintiff's request for an extension of time to file proof of service until September 16, 2019.  On August 16, 2019, a process server hired by this office carried out service of process on defendant's registered agent, The Corporation Trust Company ("CT Corp"), 1209 Orange Street, Wilmington, DE 19801.  The process server's affidavit, dated August 19, 2019, states the recipient of the process was authorized to accept service for defendant.

Earlier this week, I received a notice from CT Corp informing me that its registered agent services for defendant were discontinued more than five (5) years ago and that defendant is no longer an active entity with the Delaware Division of Corporations.  Upon receiving this letter, I reviewed defendant's status again with the Delaware Division of Corporations.  The information available may be incomplete but it does not indicate defendant is inactive.

This evening, I sent the process to a process server in Harrisburg, Pennsylvania.  According to the Pennsylvania Department of State, Wyeth Consumer Healthcare, LLC is listed as "active" in that jurisdiction.  I requested that service be carried out by delivering the process to CT Corp in that location.  According to defendant's parent company, Pfizer, Inc., defendant is a Pennsylvania entity.

However, I believe that Wyeth Consumer Healthcare, LLC, though identified on the FDA's website as the entity who produces the product at issue in this action, may be an entity that is not "active" in the sense that it is not more than a holding company for intellectual property rights. While this will be determined following service of process being effected in Pennsylvania, prudence demands the present motion be made for joinder under Fed. R. Civ. P. 21. ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); *see Jipeng Du v. Wan Sang Chow*, No. 18-cv-1692 (ADS)(AKT) (E.D.N.Y. Aug. 9, 2019) (noting that where "a proposed amendment adds a new party, the propriety of amendment is governed by Rule 21" citing *Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 3d 13, 15 (E.D.N.Y. 2015).

Plaintiff seeks to join Pfizer, Inc., to this action as a party defendant. Pfizer, Inc. is listed on certain of the relevant products as responsible for their production and marketing. The reason why Pfizer, Inc. was not initially listed as a defendant was because a more precise party, Wyeth Consumer Healthcare, LLC, appeared to be the subsidiary that was responsible for the products.

The standard for permitting joinder is the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Noia*, 93 F. Supp. 3d at 15 (citing *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) (internal quotation marks omitted).

A motion to amend to join a party defendant "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis*, No. 05-cv-5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006).

Plaintiff submits that there has been no undue delay, as indicated by (1) communication with an attorney who said his firm would be representing defendant, (2) mailing of the waiver forms, (3) service of process carried out on the entity designated as defendant's registered agent by the Delaware Division of Corporations, (4) service of process directed upon defendant's registered agent in what appears to be its home state, Pennsylvania and (5) the notice from CT Corp stating that despite the process server being informed the person who received service was authorized to accept service, CT Corp could not accept service for defendant.

Joinder of Pfizer, Inc., will not be prejudicial, as there is no scheduling order entered which must be revised. *Wright v. New Moda, LLC*, No. 17-cv-9737 (JGK)(SN) (S.D.N.Y. May 10, 2019) ("In addition [to Rule 21], amendments to join parties are also subject to Rule 16."); Fed. R. Civ. P. 16(b)(4) (allowing modification of a scheduling order "only for good cause and with the judge's consent.").

"Good cause" in turn "depends on the diligence of the moving party. *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Here, plaintiff has been diligent in ascertaining the proper parties.

If the Court grants the present request and Pfizer, Inc. informs this office that it is actually Wyeth Consumer Healthcare, LLC that is the proper party, plaintiff will readily and promptly dismiss Pfizer, Inc. Therefore, this request is made to err on the side of caution and respect for the Court's time. Thank you for your courtesies.

                                                 Respectfully submitted,

                                                 /s/ Spencer Sheehan
                                                Spencer Sheehan

Certificate of Service

I certify that on August 28, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan