Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

September 5, 2019

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     1:19-cv-02886-ERK-PK
        Engram v. Wyeth Consumer Healthcare LLC

Dear Magistrate Judge Kuo:

This office, along with co-counsel Michael Reese, of Reese LLP, represents the plaintiff. In accordance with the Individual Motion Practices of Senior Judge Edward R. Korman, the present non-dispositive motion seeks the following: (1) termination of plaintiff's August 28, 2019 motion for joinder and request for issuance of a summons to Pfizer, Inc., (2) joinder of and request for issuance of a summons as to GSK Consumer Healthcare Holdings (US) Inc., (3) drop Wyeth Consumer Healthcare LLC as a party and (4) request that the Clerk of the Court amend the caption to reflect the amendment requested.

On September 3, 2019, defendant Wyeth Consumer Healthcare LLC was served via its registered agent in Harrisburg, PA. This morning, and unrelated to said service, I received a call from the attorney who had previously contacted me on behalf of the proper party in interest, who was the same attorney I had previously been in contact with in August 2019.

The attorney informed me that on May 8, 2019, GlaxoSmithKline plc ("GSK") and Pfizer Inc. ("Pfizer") approved a Consumer Healthcare Joint Venture ("joint venture").[1] I was told that the Products at issue in the complaint are therefore under this new joint venture, GSK Consumer Healthcare Holdings (US) Inc. ("GSK Consumer Holdings"). According to the Delaware Division of Corporations, GSK Consumer Holdings is a Delaware corporation formed on June 20, 2019. Further, I was informed that in August 2019, there were regulatory or other similar approvals of this joint venture in various jurisdictions. Since GSK Consumer Holdings is the proper party, plaintiff requests the Court terminate the previous motion to join Pfizer as a defendant. ECF No. 7, Aug. 28, 2019.

It appears the formation of this joint venture and distribution of responsibilities, including assignment of outside counsel, may have contributed to the uncertainty regarding which law firm would be representing the defendant here. Nevertheless, I have been informed that should the Court grant plaintiff's present request to join GSK Consumer Healthcare Holdings (US) Inc., the attorney will execute a waiver of service as counsel for defendant. The waiver or proof of service will be filed no later than the deadline of September 16, 2019. ECF Order, Aug. 16, 2019.

In addition to joining GSK Consumer Healthcare Holdings (US) Inc., plaintiff requests Wyeth Consumer Healthcare LLC be dropped from this action and the Court request the Clerk of

---

[1] GSK, Press Release, Update on Consumer Healthcare Joint Venture with Pfizer, May 8, 2019.

the Court to amend the caption to reflect the joinder and dropping of the parties identified herein. Fed. R. Civ. P. 21 ("Misjoinder and Nonjoinder of Parties"); *see Jipeng Du v. Wan Sang Chow*, No. 18-cv-1692 (ADS)(AKT) (E.D.N.Y. Aug. 9, 2019) (noting that where "a proposed amendment adds a new party, the propriety of amendment is governed by Rule 21" citing *Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 3d 13, 15 (E.D.N.Y. 2015); *Jackson v. Annucci*, No. 19-CV-2013 (VB) (S.D.N.Y. Apr. 30, 2019) ("The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add C.O. Harris and C.O. Tom as Defendants" based on newly obtained and relevant information).

The standard for permitting joinder is the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Noia*, 93 F. Supp. 3d at 15 (citing *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) (internal quotation marks omitted).

A motion to amend to join a party defendant "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis*, No. 05-cv-5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006).

Joinder of GSK Consumer Holdings will not be prejudicial, as there is no scheduling order entered which must be revised and the attorney who will be representing it understood and consented to the undersigned making this request of the Court. *Wright v. New Moda, LLC*, No. 17-cv-9737 (JGK)(SN) (S.D.N.Y. May 10, 2019) ("In addition [to Rule 21], amendments to join parties are also subject to Rule 16."); Fed. R. Civ. P. 16(b)(4) (allowing modification of a scheduling order "only for good cause and with the judge's consent.").

"Good cause" in turn "depends on the diligence of the moving party. *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Here, plaintiff has been diligent in ascertaining the proper parties.

Plaintiff submits that there has been diligence and no undue delay, as indicated by (1) communication with an attorney who said his firm would be representing defendant, (2) mailing of the waiver forms, (3) service of process carried out on the entity designated as defendant's registered agent by the Delaware Division of Corporations in Delaware, (4) service of process directed upon defendant's registered agent in Pennsylvania, (5) notice from CT Corp stating that despite the process server being informed the person who received service was authorized to accept service, CT Corp could not accept service for defendant and (6) notification of the joint venture earlier today and the prompt action by this office in requesting the present relief.

As the date for plaintiff to file proof of service is September 16, 2019, it is expected that there will be no further procedural requests related to service of process or identification of the proper parties. Thank you for your courtesies.

Respectfully submitted,

/s/ Spencer Sheehan
Spencer Sheehan

Certificate of Service

I certify that on September 5, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan