# REESE LLP

The Honorable Eric J. Komitee
District Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*,
              Case No. 1:19-cv-02886-ERK-PK (E.D.N.Y.)

Along with co-counsel, we represent Plaintiff Clinton Engram ("Plaintiff") in the above-referenced matter regarding certain lip balms sold by Defendant to consumers under the Chapstick brand (the "Products"). Pursuant to Your Honor's directive at the hearing on May 15, 2020, we respectfully submit this letter to address whether the Second Circuit's decision in *Mantikas v. Kellogg Company*, 910 F.3d 633 (2d Cir. 2018)(reversing district court order on application of reasonable consumer standard), allows for this Court to impose a duty on a reasonable consumer to review the entire package if the Product's front label is ambiguous.

## I.    The Front of the Product's Packaging Is Not Ambiguous.

Plaintiff's Complaint alleges that the front label's "emphasis on '8 Hour Moisture' combined with 'SPF 15' causes consumers to expect the Product provides extended wear protection (8 hours) from the sun." Complaint at ¶ 4. Defendant argues that reasonable consumers have a duty to review the entire package to clarify ambiguity on the front of the package. Defendant is incorrect.

As an initial matter, Plaintiff's Complaint alleges that the Product's label is misleading, not ambiguous. Plaintiff's allegations thus fit squarely within the holding of *Mantikas*: "***Reasonable consumers should not be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.***" *Mantikas*, 910 F.3d at 637 (internal quotation and edits omitted).

That a reasonable consumer would be misled by the Product's packaging is confirmed by a survey of 402 consumers in which 259 of the consumers (**64.4%**) believed that the Product provided 8 hours of sun protection based on the front of the packaging. *See* Survey, attached hereto as Exhibit A. The survey underscores why it is erroneous to determine as a matter of law, as Defendants improperly asks this Court to do here, the issue of consumer interpretation.

## II.    Consumers Have No Duty to Review the Fine-Print "Directions" on the Back of the Packaging.

Even if, contrary to the experience of Plaintiff and hundreds of other consumers surveyed, this Court were to conclude that the front of the Product's package is ambiguous, consumers should not be required to scour the entirety of the packaging in order to clarify any ambiguity on the front of the packaging.

Nowhere on the packaging does Defendant explicitly explain that the Product's SPF 15 sun protection lasts less than 2 hours. Instead, the fine print "Directions" on the back of the package states only: "reapply at least every 2 hours." *See* Complaint at ¶ 4. This text is found in tiny font, at the bottom of the back of the packaging, buried in the long text of "Drug Facts." Following the Second Circuit decision in *Mantikas*, this Court should find that "the misleading quality of the message" – that the Product provides 8 hours of sun protection – "is not effectively cured by implicitly disclosing . . . in small print" directions on the back of the package to reapply at least every 2 hours. *Mantikas*, 910 F.3d at 639.

The decision *Comfort v. Ricola USA, Inc.*, 2019 WL 6050301 (W.D.N.Y. Nov. 15, 2019), is directly on point. In that case, the court held: "The Second Circuit's decision in *Mantikas* does not support [the defendant]'s argument that labeling on the front of a package could be ambiguous and that additional labeling on the sides or back could clarify the ambiguity and render the front of the package not deceptive." *Id.*, at *4.

The cases from this district likely to be cited by Defendant do not hold otherwise. *See Davis v. Hain Celestial Group, Inc.*, 297 F.Supp.3d 327 (E.D.N.Y. 2018) (decided before *Mantikas*); *Reyes v. Crystal Farms Refrigerated Distribution Co.*, 2019 WL 3409883 (E.D.N.Y. July 26, 2019) (citing *Davis*); *Sarr v. BEF Foods, Inc.*, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) (citing *Davis* and *Reyes*). Indeed, this these cases suggests only that "[c]onsumers are accustomed to seeing a product's ingredients listed by weight under the nutrition facts" so that the ingredients list can "clarify – in exactly the spot consumers are trained to look – that the premium ingredients are not the most predominant ingredients." *Davis*, 297 F.Supp.3d at 337.

The present case is **not** about predominant ingredients and **not** distinguishable from *Mantikas* on that basis. *Cf., Reyes*, 2019 WL 3409883, at *4 (distinguishing *Mantikas* "because Plaintiff does not allege that Defendant's mashed potatoes contains more margarine than butter"); *Sarr*, 2020 WL 729883, at 4 ("Here, unlike in *Mantikas*, the plaintiffs concede that the Mashed Potatoes' predominant fat ingredient is the one emphasized in the defendant's labeling – butter."). Moreover, there is no evidence in this case or findings in any other case that consumers are accustomed to reading the "Drug Facts" or "Directions" prior to purchasing lip balm. Rather, it is common knowledge that Chapstick is applied to one's lips and not ones' ears, nose, or other body parts. No instructions are needed. And, in fact, no instructions appear on the tube of Chapstick by itself, which is one of the ways in which the Product is sold to consumers.

### III. The Small Print on the Back of the Packaging Is Insufficient to Correct or Clarify the Misleading Statement on the Front of the Packaging

Even if this Court were to follow the "ambiguity" cases cited by Defendants, the so-called disclosure here does not dispel consumer confusion. Defendant argued at the hearing that the direction to "reapply at least every 2 hours" would inform reasonable consumers that the Product's SPF 15 sun protection does not last 8 hours. This highly fact-intensive argument reveals just how far Defendant would have this Court stray from well-established standards on a motion to dismiss. This Court must draw all reasonable inferences in the plaintiff's favor and "constru[e] any ambiguities in the light most favorable to upholding the plaintiff's claim." *Sung Cho v. City of New York*, 910 F.3d 639, 642 n.1 (2d Cir. 2018) (internal quotation omitted).

Defendant would have this Court determine as a matter of law that, first, reasonable consumers would read these "Directions" and, second, they would understand that the reapplication direction means that the Product's sun protection lasts less than 8 hours.

However, district court judges have been cautioned by appellate courts against substituting their reading of packaging, outside the conditions and settings faced by reasonable consumers, for that of the jury. *See Mantikas*, 910 F.3d 633, 639 ("These are sufficient factual allegations to state a claim that Defendant's conduct was, plausibly deceptive. . . . The district court's conclusion to the contrary was error."); *Williams v. Gerber Products*, 552 F.3d 934, 938-939 (9th Cir. 2008) (it is "the rare situation in which granting a motion to dismiss is appropriate" because "whether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss); *Dumont v. Reilly Foods Company*, 934 F. 3d 35, 40 (1st Cir. 2019) (reversing dismissal of complaint alleging misleading label, stating "[o]ur dissenting colleague envisions a more erudite reader of labels, . . . armed perhaps with several dictionaries, a bit like a federal judge reading a statute"). *See also Stoltz v. Fage Dairy Processing Industry, S.A.*, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ("a federal trial judge, with a background and experience unlike that of most consumers, is hardly in a position to declare that reasonable consumers would not be misled . . . resolution of the issue may require surveys, expert testimony, and other evidence of what is happening in the real world") (internal quotation and citation omitted).

## IV. Plaintiff Should Be Permitted To Amend His Complaint

To the extent that this Court is inclined to grant Defendant's motion to dismiss, Plaintiff respectfully requests an opportunity to amend his Complaint, which as a general rule is freely granted. Fed. R. Civ. P. 15(a). Notably, the Complaint has not been amended yet. Plaintiff would address the alleged deficiencies raised by Defendant in its motion and make other changes, including (1) adding the survey evidence;[1] (2) alleging that Plaintiff relied upon the statements on the front of the packaging in purchasing the Product but did not see or read the "Directions" prior to purchase; (3) alleging that reasonable consumers do not typically read the "Drug Facts" and/or "Directions" prior to purchasing a lip balm; (4) alleging that the Product frequently is sold in packaging that does not readily allow consumers to see the "Directions"; and (5) alleging that Plaintiff would like to purchase the Product in the future if he could rely upon Defendant's representations about the Product.

Respectfully submitted,

Michael R. Reese

---

[1] With respect to the survey evidence, although not necessary to survive a motion to dismiss, "[w]hen consumer survey data is incorporated into a complaint the Court must presume its truth on a motion to dismiss, even if a defendant has raised colorable arguments as to the reliability of the survey methodology." *Shalikar v. Asahi Beer U.S.A., Inc.*, 2017 WL 9362139, *7 (C.D. Cal. 2017) (internal quotation marks and alterations omitted; denying motion to dismiss); *Joseph v. J.M. Smucker Co.*, 2019 WL 1219708, at *3 (C.D. Cal. Mar. 13, 2019) (same).