**REESE LLP**
Michael R. Reese
Sue J. Nam
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272
Email:  *mreese@reesellp.com*
         *snam@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Email: *spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLINTON ENGRAM, individually and on behalf of all others similarly situated<br><br>　　　　　　　　　　Plaintiffs<br><br>　　　　- against -<br><br>GSK CONSUMER HEALTHCARE HOLDINGS (US), INC.<br><br>　　　　　　　　　　Defendant | Case No.: 19-cv-02886-EK<br><br>Amended Complaint |

Plaintiff Clinton Engram ("Plaintiff") by his undersigned attorneys, alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. GSK CONSUMER HEALTHCARE HOLDINGS (US), INC. ("Defendant") manufactures, distributes, markets, labels and sells lip balm-sunscreen combination products under the Chapstick brand that make the representations SKIN PROTECTANT|SUNSCREEN BROAD SPECTRUM SPF 15 and 8 Hour Moisture/SPF 15 discussed below (the "Products").

2. The Products are sold to consumers primarily from third-party retailers, including brick-and-mortar stores such as Walgreens, CVS and Duane Reade.

3. The relevant label state SKIN PROTECTANT|SUNSCREEN  BROAD SPECTRUM SPF 15 and 8 Hour Moisture/SPF 15.



4. The emphasis on SKIN PROTECTANT|SUNSCREEN BROAD SPECTRUM SPF 15 and 8 Hour Moisture/SPF 15 causes consumers to expect the Product provides extended wear protection (8 hours) from the sun.

5. That a reasonable consumer would be misled by the Product's packaging is confirmed by a survey conducted in May of 2020 by a neutral third party of 402 consumers in which 259 of them (**64.4%**) believed that the Product provided 8 hours of sun protection based on the packaging.

6. In reality, contrary to the 8 hour sun protection representation made to consumers on the packaging above, the product only *__provides a mere 2 hours of sun protection__*.

7. Consumers value and will pay more for sun protection products which provide longer protection from the sun.

8. This misrepresentation also increases the risk of consumer harm, because it encourages less-frequent and under-application of the Products.

9. Lips receive the highest exposure to ultraviolet light in the facial area due to (1) the upright position of lower lip, tilted at 40–60 degrees against the horizon, (2) continuous exposure to solar radiation and (3) a lack natural protection from sun.

10. Appropriate use of lip-protection-sunscreen products reduces acute and chronic hazards of UV radiation risk of skin damage, including cancer and have few risks of misuse.

11. As a result of the false and misleading labeling, the Products are sold at a premium price – no less than $3.99 per product, excluding tax – compared to other similar products represented in a non-misleading way.

## JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

13. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

14. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

15. Venue is proper because Plaintiff and many class members reside in this District and defendant does business in this District and State.

16. A substantial part of events and omissions giving rise to the claims occurred in this District.

## PARTIES

17. Plaintiff is a citizen of Kings County, New York.

18. Plaintiff purchased a Chapstick bearing the SKIN PROTECTANT|SUNSCREEN BROAD SPECTRUM SPF 15 and 8 Hour Moisture/SPF 15 from a Walgreens in Brooklyn, New York in March of 2019.

19. Plaintiff relied upon the SKIN PROTECTANT|SUNSCREEN BROAD SPECTRUM SPF 15 and 8 Hour Moisture/SPF 15 representations to belief that the product he bought would provide 8 hours of SPF 15 protection.  Plaintiff would not have bought the product, or paid a premium for it, if he had known the truth – that the Products do not provide 8 hours of SPF 15 protection.

20. Defendant is a Delaware limited liability company headquartered in Virginia.

## CLASS ALLEGATIONS

21. The class is defined as of all consumers who purchased any Products in New York at any time during the period February 7, 2013 to the date of judgment against Defendant ("Class").

22. A class action is superior to other methods for fair and efficient adjudication.

23. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

24. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if Plaintiff and class members are entitled to damages.

25. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same mis-representations.

26. Plaintiff is an adequate representative because his interests do not conflict with other members.

27. No individual inquiry is necessary because the focus is only on Defendant's practices and the class is definable and ascertainable.

28. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

29. Plaintiff's counsel are competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 349

**(On Behalf of Plaintiff and Other Class Members)**

30. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

31. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

32. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages from Defendants.

33. Defendant misleadingly, inaccurately, and deceptively presents its Products to consumers.

34. Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and other Class Members to purchase and/or pay a premium for Defendant's Products.

35. Defendant made untrue or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

36. Plaintiff and other Class Members have been injured inasmuch as they paid a premium for Products. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

37. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and

Plaintiff and other members of the Class have been damaged thereby.

38. As a result of Defendant's recurring deceptive acts and practices, Plaintiff and other Class Members are entitled to monetary and compensatory damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, or damages of $50 per unit purchased, whichever is greater.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 350

### (On Behalf of Plaintiff and Other Class Members)

39. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

40. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

41. N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

42. Defendant's labeling contain untrue and materially misleading statements.

43. Plaintiff and other Class Members have been injured inasmuch as they relied upon

mis-labeling and paid a premium for the Products that, contrary to Defendant's representations, was false and deceptive. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

44. Defendant's packaging and product labeling induced the Plaintiff and Class Members to buy Defendant's Products.

45. Defendant made the untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

46. Defendant made the material misrepresentations described in this Complaint in Defendant's Products packaging and labeling.

47. Defendant's material misrepresentation was substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

48. As a result of Defendant's recurring, acts and practices in violation of GBL § 350, Plaintiff and Class Members are entitled to monetary and compensatory damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, or statutory damages of $500 per unit purchased, whichever is greater, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and Other Class Members)**

49. Plaintiff incorporates by references all preceding paragraphs.

50. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

1. Declaring this a proper class action, certifying Plaintiff as the class representative and the undersigned as counsel for the Class;

2. Awarding monetary damages and interest;

3. Awarding costs and expenses, and reasonable fees for Plaintiff's attorneys; and

4. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues.

Dated: August 5, 2020

Respectfully submitted,

**REESE LLP**
*/s/ Michael R. Reese*
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

- and -

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Blvd., Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552

*Counsel for Plaintiff
and the Proposed Class*