**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLINTON ENGRAM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GSK CONSUMER HEALTHCARE HOLDINGS (US) INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 1:19-cv-02886-EK-PK ) ) ) Date of Service: August 26, 2020 ) ) ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

BACKGROUND ...................................................................................................................2

ARGUMENT .......................................................................................................................5

I. ALL OF MR. ENGRAM'S CLAIMS FAIL BECAUSE HE DOES NOT PLAUSIBLY ALLEGE THAT HE WAS MISLED. .......................................................5

    A. The Front Of The ChapStick Moisturizer Packaging Does Not Represent That It Provides Eight Hours Of SPF Protection. ....................................................6

    B. Any Confusion Regarding The SPF 15 Representation Is Clarified By Multiple Disclosures On The Back Of The Packaging. ..........................................7

II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE OF HIS CONSUMER PROTECTION CLAIMS. ......................................................................12

III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE. ....................13

CONCLUSION ..................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*In re 100% Grated Parmesan Cheese Marketing & Sales Practices Litigation*,
　　275 F. Supp. 3d 910 (N.D. Ill. 2017) ................................................................. 8

*Alce v. Wise Foods, Inc.*,
　　No. 17 Civ. 2402 (NRB), 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) ......... 13

*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009) .................................................................................. 1, 5, 11

*Axon v. Citrus World, Inc.*,
　　354 F. Supp. 3d 170 (E.D.N.Y. 2018) .............................................................. 12

*Axon v. Florida's Natural Growers, Inc.*,
　　No. 19-203-cv, 2020 WL 2787627 (2d Cir. May 29, 2020) ....................... 12, 13

*Bell Atlantic Corp. v. Twombly*,
　　550 U.S. 544 (2007) .......................................................................................... 10

*Bober v. Glaxo Wellcome PLC*,
　　246 F.3d 934 (7th Cir. 2001) .............................................................................. 6

*Bubble Genius LLC v. Smith*,
　　239 F. Supp. 3d 586 (E.D.N.Y. 2017) ................................................................ 4

*Cheslow v. Ghiradelli Chocolate Co.*,
　　No. 19-cv-07467-PJH, 2020 WL 4039365 (N.D. Cal. July 17, 2020) ............. 11

*Daniel v. Mondelez International, Inc.*,
　　287 F. Supp. 3d 177 (E.D.N.Y. 2018) ................................................................ 3

*Daniel v. Tootsie Roll Industries, LLC*,
　　No. 17 Civ. 7541 (NRB), 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018) ............ 8

*Harris v. Mondelez Global LLC*,
　　No. 19-cv-2249 (ERK) (RER), 2020 WL 4336390 (E.D.N.Y. July 28, 2020) ........... 7, 13

*Kennedy v. Mondelez Global LLC*,
　　No. 19-CV-302-ENV-SJB, 2020 WL 4006197 (E.D.N.Y. July 10, 2020) ....... 7, 9, 13

*Kuenzig v. Hormel Foods Corp.*,
    505 F. App'x 937 (11th Cir. 2013)..................................................................................8

*Kuenzig v. Kraft Foods, Inc.*,
    No. 8:11-cv-838-T-24 TGW, 2011 WL 4031141 (M.D. Fla. Sept. 12, 2011) ...................8

*LaFaro v. New York Cardiothoracic Group, PLLC*,
    570 F.3d 471 (2d Cir. 2009)............................................................................................5

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018)........................................................................................8, 9

*Morales v. New York City Department of Education*,
    808 F. App'x 35 (2d Cir. 2020)......................................................................................13

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ....................................................................6, 8, 12

*Obodai v. YouTube LLC*,
    840 F. Supp. 2d 714 (S.D.N.Y. 2011) ............................................................................14

*Podpeskar v. Dannon Co.*,
    No. 16-cv-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) .............................10

*Poindexter v. EMI Record Group, Inc.*,
    No. 11 Civ. 559 (LTS)(JLC), 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012) ....................3

*Reyes v. Crystal Farms Refrigerated Distribution Co.*,
    No. 18-CV-2250 (NGG) (RML), 2019 WL 3409883 (E.D.N.Y. July 26, 2019) .....7, 9, 10

*Sabatano v. Iovate Health Sciences U.S.A. Inc.*,
    No. 19 CV 8924 (VB), 2020 WL 3415252 (S.D.N.Y. June 22, 2020) ..................7, 12, 13

*Sarr v. BEF Foods, Inc.*,
    No. 18-cv-6409 (ARR) (RLM), 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ...............6, 9

*Taylor v. American Coradius International, LLC*,
    No. 19-cv-4890(EK)(VMS), 2020 WL 4504657 (E.D.N.Y. Aug. 5, 2020).......................5

**STATE CASE**

*Corsello v. Verizon New York, Inc.*,
    18 N.Y.3d 777, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012)..........................................12

## STATE STATUTES

N.Y. Gen. Bus. Law § 349 ....................................................................................5, 7, 12

N.Y. Gen. Bus. Law § 350 ....................................................................................5, 7, 12

## FEDERAL REGULATIONS

21 C.F.R. § 201.327 ....................................................................................................4

21 C.F.R. § 201.327(e)(4) ...........................................................................................4

Plaintiff's entire lawsuit hinges on the allegation that the phrase "8 HOUR MOISTURE" would mislead reasonable consumers into believing that ChapStick® Moisturizer lip balm provides eight hours of sunscreen protection. As defendant has previously argued, this claim is not plausible and cannot survive a motion to dismiss because: (1) the "8 HOUR" descriptor clearly applies to the moisturizing aspect of the product only; and (2) even if there were any ambiguity on the front of the packaging, it would be clarified in the "**Directions**" for use (deleted from plaintiff's Amended Complaint), which make clear that the product must be reapplied every two hours if it is being used for sun protection.

Plaintiff's Amended Complaint does not make his claims any more plausible. Instead, his only new substantive allegation is a *one-sentence* conclusory reference to a consumer survey in which a majority of participants purportedly responded that ChapStick Moisturizer provided eight hours of sun protection. Nowhere in the Amended Complaint does plaintiff explain what participants were shown in the survey or what question(s) they were asked.

Plaintiff's apparent strategy to survive a motion to dismiss – the less said the better – is directly contrary to the mandate of the U.S. Supreme Court, which has held that in order to satisfy Rule 8, a plaintiff must offer concrete and plausible factual allegations, not just "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). And here, the actual facts surrounding the survey do not support plaintiff's lawsuit because – as the Court and defendant already know from a prior filing – survey participants were only shown the *front* of the packaging and then were asked to say how many hours of sunscreen protection were provided by the product, *without being able to consult the back of the packaging*, a strategy that skewed responses toward the number eight.

Plaintiff cannot make the back of the packaging and directions for use disappear from a consumer's experience by omitting them from his Amended Complaint and his survey. Because the ChapStick Moisturizer package is viewed by consumers in its totality and would not deceive a reasonable consumer, and because plaintiff has now filed two complaints that fail to plausibly allege deception, the Court should dismiss the Amended Complaint in its entirety with prejudice.

## **BACKGROUND**

The labeling on the package for ChapStick Moisturizer contains two claims: (1) "8 HOUR MOISTURE"; and (2) SPF 15. Even though these two claims appear in different semi-circles and different colors, plaintiff alleges that their proximity misrepresents to consumers that the product provides eight hours of sunscreen protection. (Am. Compl. ¶ 4.)

The ChapStick packaging also includes FDA-mandated directions, directing users to "apply liberally 15 minutes before sun exposure" and "reapply at least every 2 hours."



(*See* Decl. of Jordan M. Schwartz ("Schwartz Decl.") ¶ 3, Aug. 26, 2020 (attached as Ex. 1);[1] *see also* Orig. Compl. at 2.)[2]

After defendant moved to dismiss plaintiff's Complaint (*see* ECF Nos. 19 & 20) and the Court heard oral argument and requested post-hearing briefing (*see* ECF No. 26), plaintiff asked the Court for leave to replead (*see* ECF No. 27 ("May 22 Letter") at 3) – which the Court granted (*see* July 23, 2020 Order). Plaintiff's Amended Complaint differs from his original complaint in

---

[1] The Court may take judicial notice of this photograph because it relates "to the packaging of the [p]roduct—the very basis for [p]laintiff's claims." *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 182-83 (E.D.N.Y. 2018) (Brodie, J.) (the "[c]ourt's consideration of [d]efendant's" "additional photographs and details regarding the [p]roduct's packaging and that of the comparator candies" "does not convert th[e] motion to dismiss to a motion for summary judgment").

[2] "[E]ven though the [a]mended [c]omplaint is the operative pleading, the [c]ourt may still credit admissions in the original complaint and attached exhibits." *Poindexter v. EMI Record Grp., Inc.*, No. 11 Civ. 559 (LTS)(JLC), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012).

3

the following key respects. First, plaintiff references "a survey conducted in May of 2020 by a neutral third party of 402 consumers in which 259 of them (64.4%) believed that the Product provided 8 hours of sun protection based on the packaging." (Am. Compl. ¶ 5.) Plaintiff has not actually attached this survey to the Amended Complaint. It is, however, presumably the same survey Mr. Engram's counsel attached to his May 22 Letter, which surveyed 402 individuals, 64.4% of which supposedly responded that they believed ChapStick Moisturizer provides eight hours of SPF sun protection. (ECF No. 27-1 at 5-6 (Ex. A to May 22 Letter).)[3] That survey asked only one substantive question: "Viewing the packaging above, how many of [sic] hours of SPF 15 sun protection do you think the product provides?" (*Id.* at 5.) Notably, the respondents were only shown the ***front*** of the packaging and not the directions for use depicted on page 2, above. (*Id.* (showing only front of packaging).)

In addition to adding the perfunctory reference to the survey, plaintiff has also deleted two photographs of the packaging of ChapStick Moisturizer that he previously included in the Original Complaint. (*See* Orig. Compl. ¶¶ 3-4.) Plaintiff has also removed references to various FDA regulations, including one that specifically requires sunscreen manufacturers to warn consumers of the need to reapply every two hours. (*See id.* at 2 n.1, 3 n.2, 4 n.4 (citing, *inter alia*, 21 C.F.R. § 201.327)); *see* 21 C.F.R. § 201.327(e)(4) (requiring manufacturers to include directions to "reapply at least every 2 hours").

Finally, plaintiff has narrowed the scope of this lawsuit. Specifically, plaintiff has removed any reference to unnamed "Jane Doe" plaintiffs (*see* Orig. Compl. ¶¶ 23-25); he has

---

[3] Given the history of this litigation and plaintiff's strategy of withholding details of the survey from the Amended Complaint, the Court should consider the actual survey document in ruling on this motion to dismiss. *See Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 599 (E.D.N.Y. 2017) (Matsumoto, J.) (for "the sake of judicial economy, the court reviewed the testimonials and reviews" that plaintiff erroneously characterized as consumer surveys and that plaintiff failed to attach to the amended complaint but that were filed in opposition to the motion to dismiss).

abandoned his nationwide and California class allegations (*see id.* ¶ 31); and he has dropped his California-based consumer protection claims, his New York-based common-law fraud, negligent misrepresentation and breach-of-warranty claims, as well as his request for injunctive relief. (*See id.* ¶¶ 54-84.) As a result, the only claims plaintiff is now asserting are those seeking damages for violation of N.Y. Gen. Bus. Law §§ 349 and 350 and for unjust enrichment. (Am. Compl. ¶¶ 30-50.) Plaintiff seeks to certify a class of "all consumers who purchased any Products in New York." (*Id.* ¶ 21.)[4]

**ARGUMENT**

As this Court recently explained, "only 'a ***plausible*** claim for relief survives a motion to dismiss.'" *Taylor v. Am. Coradius Int'l, LLC*, No. 19-cv-4890(EK)(VMS), 2020 WL 4504657, at *1 (E.D.N.Y. Aug. 5, 2020) (Komitee, J.) (emphasis added) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 476 (2d Cir. 2009)). The "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, a claim only "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Amended Complaint in this case should be dismissed under this standard for multiple reasons.

**I.    ALL OF MR. ENGRAM'S CLAIMS FAIL BECAUSE HE DOES NOT PLAUSIBLY ALLEGE THAT HE WAS MISLED.**

Plaintiff has not plausibly alleged a fundamental element of all of his causes of action: deception. *See, e.g.*, N.Y. Gen. Bus. Law §§ 349, 350 (prohibiting "[d]eceptive acts or

---

[4]    Plaintiff also now alleges that he himself "relied" on the ChapStick Moisturizer label and "belie[ved] that the product . . . would provide 8 hours of SPF 15 protection." (Am. Compl. ¶ 19.) In light of this new allegation, defendant is no longer moving to dismiss on the ground that plaintiff does not adequately plead causation or reliance.

5

practices" and "[f]alse advertising"); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675, 678-79 (E.D.N.Y. 2017) (Kuntz, J.) (dismissing New York General Business Law ("GBL"), unjust enrichment and other claims because label at issue "did not misrepresent" anything). This is so for two independent reasons: (1) the front of the labeling does not remotely suggest – much less represent – that ChapStick Moisturizer provides eight hours of protection from the sun; and (2) even if there were some ambiguity surrounding the SPF-related representation, such confusion would be easily dispelled by a simple glance at the back of the packaging, which includes explicit directions instructing consumers to reapply the product "at least every 2 hours" for sun protection.

> **A.** **The Front Of The ChapStick Moisturizer Packaging Does Not Represent That It Provides Eight Hours Of SPF Protection.**

Plaintiff's theory of deception fails first and foremost because the front of the labeling – the portion with which plaintiff takes issue – clearly and unambiguously states that ChapStick Moisturizer provides eight hours of moisture, a representation that plaintiff does not allege is false or deceptive. Nowhere does it suggest that the product provides eight hours of sun protection. Instead, it simply notes that the product provides SPF 15 *sun* protection, without specifying a duration (*see* Am. Compl. at 2), like other SPF products on the market. Moreover, the two representations are distinct on the packaging to avoid any ambiguity. Each is written in a different color font and contained within a distinctly colored semicircle. (*Id.*)

Because "[n]one of the statements" on the product labeling "expressly makes" the claim on which Mr. Engram's theory of misrepresentation is based, *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001), Mr. Engram is unable to "plausibly allege 'that a *significant* portion of the general consuming public . . . acting *reasonably* in the circumstances, could be misled'" by the *distinct* "8 HOUR MOISTURE" and "SPF 15" representations, *Sarr v. BEF*

6

*Foods, Inc.*, No. 18-cv-6409 (ARR) (RLM), 2020 WL 729883, at *3, *4-5 (E.D.N.Y. Feb. 13, 2020) (Ross, J.) (emphases added) (citations omitted) ("[T]he plaintiffs have failed to state a claim under New York's consumer protection statute" because "it is not plausible that a reasonable consumer would likely interpret the 'real butter' representation to imply that the Mashed Potatoes did not also contain additional fats."); *Sabatano v. Iovate Health Scis. U.S.A. Inc.*, No. 19 CV 8924 (VB), 2020 WL 3415252, at *4 (S.D.N.Y. June 22, 2020) ("[T]he words 'DIETAERY SUPPLEMENT' are displayed in large, upper-case font, in a different color, on the front of the Platinum BCAA packaging. No reasonable consumer, acting reasonably, would be misled into believing Platinum BCAA—a dietary supplement—would supplant one's diet and build muscle on its own.").[5] This alone requires dismissal of each of plaintiff's claims.

**B. Any Confusion Regarding The SPF 15 Representation Is Clarified By Multiple Disclosures On The Back Of The Packaging.**

Even if the meaning of the SPF 15 representation were remotely ambiguous, any risk of confusion would be negated by the explicit and straightforward "**Directions**" on the back of the packaging indicating that a single application provides "2 hours" of SPF 15 sun protection. (Schwartz Decl. ¶ 3.) Indeed, court after court has dismissed claims based on allegedly deceptive product labeling where – as here – a plaintiff's alleged subjective impression about a product supposedly generated by one aspect of the product's packaging is expressly negated by

---

[5] *See also, e.g., Harris v. Mondelez Glob. LLC*, No. 19-cv-2249 (ERK) (RER), 2020 WL 4336390, at *1-3 (E.D.N.Y. July 28, 2020) (Korman, J.) (dismissing consumer protection claims under New York and other states' laws based on allegation that a "reasonable consumer would understand 'real cocoa' to refer to cocoa in an 'unadulterated, non-artificially processed form'") (citation omitted); *Kennedy v. Mondelez Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020 WL 4006197, at *12 (E.D.N.Y. July 10, 2020) (Bulsara, J.) (recommending dismissal of N.Y. Gen. Bus. Law §§ 349 and 350 claims because, *inter alia*, "made with real honey" and images of a bee and honey dipper on the packaging "provide no basis for a reasonable consumer to make any of the inferences that [p]laintiffs allege are misleading"; "[Defendant's] products do not state anywhere that honey is the only ingredient . . . ."); *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-CV-2250 (NGG) (RML), 2019 WL 3409883, at *4 (E.D.N.Y. July 26, 2019) (Garaufis, J.) (dismissing N.Y. Gen. Bus. Law §§ 349 and 350 claims because "'Made with fresh whole potatoes' does not suggest that the mashed potatoes are themselves 'fresh'").

explicit disclosures elsewhere on the product. *See, e.g.*, *Nelson*, 246 F. Supp. 3d at 676 (dismissing New York consumer protection claims because "the images of a kangaroo and a constellation 'and allusion to the company's historic roots in [Australia] are eclipsed by the accurate disclosure statement'" that the beer was brewed in the United States) (citation omitted); *Kuenzig v. Kraft Foods, Inc.*, No. 8:11-cv-838-T-24 TGW, 2011 WL 4031141, at *8-9 (M.D. Fla. Sept. 12, 2011) (affirming dismissal of consumer protection and other claims arising out of close proximity of statement "98% Fat Free" to "50 calories per serving" because it is "disingenuous at best" to plead that consumers will "forgo simply turning the package over to determine the amount of fat calories in the product"), *aff'd sub nom. Kuenzig v. Hormel Foods Corp.*, 505 F. App'x 937, 938-89 (11th Cir. 2013) (per curiam). As another court applying New York's consumer protection laws put it, "[a]ssuming that a reasonable consumer might ignore the evidence plainly before him 'attributes to consumers a level of stupidity that the [c]ourt cannot countenance and that is not actionable under [GBL] § 349.'" *Daniel v. Tootsie Roll Indus., LLC*, No. 17 Civ. 7541 (NRB), 2018 WL 3650015, at *13 (S.D.N.Y. Aug. 1, 2018) (citation omitted); *see also In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922 (N.D. Ill. 2017) (dismissing consumer protection claims under New York and other states' laws, recognizing that "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight").

The Second Circuit's decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), did not hold otherwise. *Mantikas* stands for the unremarkable proposition that nutritional facts cannot "correct" or "contradict" unambiguously "***misleading*** information set forth in large bold type." *Id.* at 637 (emphasis added). In that case, the front of a package of crackers was not ambiguous at all; rather, it "***falsely*** impl[ied] that the grain content [was] entirely or at least

8

predominantly whole grain." *Id.* (emphasis added). Moreover, the disclosures on the back of the package were incomplete, with one of them merely listing the serving size of the crackers, as opposed to addressing the pertinent affirmative misleading statement on the front, which dealt with "the ratio of whole grain to white flour." *Id.*

As defendant has previously explained, cases since *Mantikas* continue to recognize that "***clarification can defeat the [plaintiff's] claim***" if the front of a package contains an ambiguous representation, even though such a clarification would not suffice to correct an unambiguously misleading representation. *Reyes*, 2019 WL 3409883, at *3 (emphasis added) (citation omitted); *see also Sarr*, 2020 WL 729883, at *4 (similar). In both *Reyes* and *Sarr*, the plaintiffs alleged that the front of the packaging of pre-packaged, ready-to-eat mashed potatoes was deceptive in that the phrase "made with real butter" misled consumers into believing that the food was made with real butter when, in fact, the products were made with real butter, as well as butter-substitute fats. *See Reyes*, 2019 WL 3409883, at *3 ("made with real butter"); *Sarr*, 2020 WL 729883, at *1 ("Made with Real Potatoes, Milk & Butter"). In rejecting these allegations, the courts explained that "[t]o the extent that including a label on a mashed-potatoes package indicating that the product is 'made with real butter'" was ***ambiguous*** – i.e., to the extent it could be read to suggest that butter was the only fat included – "such confusion [was] sufficiently dispelled by the ingredients label on the back of the package." *Reyes*, 2019 WL 3409883, at *3; *see also, e.g.*, *Sarr*, 2020 WL 729883, at *5 (similar); *Kennedy*, 2020 WL 4006197, at *11 ("Mondelez's products state that there are '8g of whole grain per 31g serving.' This disclosure remedies any ***ambiguity*** about how much whole grain is in the product per serving.") (emphasis added).

9

The same logic dooms plaintiff's claim of misrepresentation here. To the extent the front of the ChapStick Moisturizer labeling is ambiguous at all, the back of the packaging provides precisely the type of "clarification" that defeats a claim of deception post-*Mantikas*. Specifically, in the "**Directions**" section of the "Drug Facts" panel (which plaintiff deleted from the Amended Complaint), the package instructs users to "apply liberally 15 minutes before sun exposure" and "reapply at least every 2 hours" for sun protection. (Schwartz Decl. ¶ 3.) Further, these straightforward "**Directions**" are underscored by the additional warning that "[s]pending time in the sun increases your risk of skin cancer and early skin aging," and that consumers should "limit[] time in the sun, *especially from 10 a.m. – 2 p.m.*" (*Id.* (emphasis added).) Thus, any supposed "confusion" over the duration of the SPF protection provided by ChapStick Moisturizer is "sufficiently dispelled" by the explicit and multiple disclosures described above, *Reyes*, 2019 WL 3409883, at *3, which is presumably why plaintiff omitted them from his Amended Complaint.

Finally, plaintiff's perfunctory reference to a May 2020 consumer survey does not save his claim of deception. Plaintiff's entire reference to the survey is as follows: "[t]hat a reasonable consumer would be misled by the Product's packaging is confirmed by a survey conducted in May of 2020 by a neutral third party of 402 consumers in which 259 of them (64.4%) believed that the Product provided 8 hours of sun protection based on the packaging." (Am. Compl. ¶ 5.) As a threshold matter, plaintiff has not attached the survey to his Amended Complaint, and "conclusory" allegations regarding consumer surveys "cannot meet *Twombly*'s insistence that claims be nudged over the line from conceivable to plausible." *Podpeskar v. Dannon Co.*, No. 16-cv-8478 (KBF), 2017 WL 6001845, at *4 (S.D.N.Y. Dec. 3, 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (dismissing "natural" labeling claims

under New York and Minnesota law). This is so because mere "conclusory statements" are not entitled to the presumption of truth for purposes of withstanding a motion to dismiss. *See Iqbal*, 556 U.S. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). As a result, the onus was on plaintiff to provide some factual color regarding the survey. However, plaintiff does not provide a single detail about the survey – for example, its methodology, what information was provided to participants, what questions were asked – i.e., the requisite "factual context" to satisfy the pleading standard under Rule 8.

Plaintiff's cursory reference to the survey is almost certainly strategic because a more detailed description of the survey would not support his case. As the parties' May 2020 submissions to the Court revealed, the survey only showed respondents the front of the ChapStick product and then asked: "Viewing the packaging above, how many of [sic] hours of SPF 15 sun protection do you think the product provides?" (ECF No. 27-1 at 5.) In other words, the subjects saw "8 Hour" in the question and then were immediately asked to produce a number (*see id.*), without having the opportunity to view information provided on the back of the packaging that "the general consuming public would ***not*** be free to ignore," *Cheslow v. Ghiradelli Chocolate Co.*, No. 19-cv-07467-PJH, 2020 WL 4039365, at *4, *5-6 (N.D. Cal. July 17, 2020) (emphasis added) (consumer survey showing that 92% of respondents supported their interpretation of the labeling did not "salvage" their previously dismissed claims because it "omitt[ed] the back panel, . . . depriv[ing] respondents of relevant information"), *appeal filed*. Under these circumstances, the survey itself was highly misleading, and thus "undermines, rather than supports, plaintiff['s] claims" and "cannot transform plaintiff['s] ***unreasonable*** understanding concerning" ChapStick Moisturizer "into a ***reasonable*** one." *Id.* at *6 (emphases

added); *see also Axon v. Fla.'s Nat. Growers, Inc.*, No. 19-203-cv, 2020 WL 2787627, at *2 (2d Cir. May 29, 2020) (summary order) (affirming dismissal of N.Y. Gen. Bus. Law §§ 349 and 350 claims and concomitant denial of leave to amend because "the conclusions that [plaintiff] asserts based on the survey [attached to the proposed amended complaint] are not supported by it").

In sum, the Amended Complaint fails for all the same reasons previously argued by defendant, and the survey is not a magic bullet that can save plaintiff's deficient claims of deception.

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE OF HIS CONSUMER PROTECTION CLAIMS.

Mr. Engram's claim for unjust enrichment should also be dismissed because it is redundant of his other substantive causes of action. "[U]njust enrichment is not a catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 740, 967 N.E.2d 1177, 1185 (2012) (affirming dismissal of unjust enrichment claim as duplicative of other claims; "It is available only in ***unusual*** situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.") (emphasis added). Although "[i]t is certainly true . . . that [a plaintiff] may plead unjust enrichment in the alternative to his other claims . . . it is equally true that, even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Nelson*, 246 F. Supp. 3d at 679 (citation omitted) (dismissing unjust enrichment claim because it "relies on the same facts as [plaintiff's] other causes of action in tort").[6]

---

[6] *See also, e.g.*, *Sabatano*, 2020 WL 3415252, at *7-8 ("[T]he [c]ourt finds plaintiffs' unjust enrichment claim is duplicative of plaintiffs' other claims and therefore, must be dismissed."); *Axon v. Citrus World, Inc.*, 354 F.
*(cont'd)*

Plaintiff has not met this burden. In support of his unjust enrichment claim, Mr. Engram merely "incorporates by references all preceding paragraphs" (Am. Compl. ¶ 49), and then alleges that "[d]efendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits" (*id.* ¶ 50). Because "[t]hese allegations are a mere regurgitation of those made with respect to plaintiff['s]" consumer protection claims, they should be "dismissed as duplicative." *Alce*, 2018 WL 1737750, at *12.

## III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Finally, the Court should dismiss plaintiff's lawsuit with prejudice. As Judge Briccetti of the Southern District recently explained, claims should be dismissed with prejudice where further amendment "would be futile" – i.e., "the problems" warranting dismissal "are substantive and will not be cured by better pleading." *Sabatano*, 2020 WL 3415252, at *4, *9 (dismissing consumer protection claims with prejudice because "plaintiffs fail to plead plausible misrepresentation claims under New York and California statutory law," which no amount of amendment could cure).[7] Here, the ChapStick Moisturizer packaging forecloses Mr. Engram's theory of deception – a fundamental fact that will not change with any further amendment. Moreover, this is plaintiff's second bite at the apple, with the parties having already gone

---

Supp. 3d 170, 185 (E.D.N.Y. 2018) (Ross, J.) ("Axon's unjust enrichment claim merely duplicates her other causes of action based on the same alleged misrepresentations."), *aff'd sub nom. Axon v. Fla.'s Nat. Growers, Inc.*, No. 19-203-cv, 2020 WL 2787627 (2d Cir. May 29, 2020) (summary order); *Alce v. Wise Foods, Inc.*, No. 17 Civ. 2402 (NRB), 2018 WL 1737750, at *12 (S.D.N.Y. Mar. 27, 2018) ("These allegations are a mere regurgitation of those made with respect to plaintiffs' slack-fill claims under the GBL . . . . Accordingly, . . . they are dismissed as duplicative.").

[7] *See also, e.g., Harris*, 2020 WL 4336390, at *3 (holding that plaintiffs failed to plausibly allege a statement that would mislead a reasonable consumer and dismissing lawsuit with prejudice "[b]ecause [p]laintiffs' 'substantive problem could not be cured through better pleadings'") (quoting *Morales v. N.Y. City Dep't of Educ.*, 808 F. App'x 35, 38 (2d Cir. 2020) (summary order)); *Kennedy*, 2020 WL 4006197, at *15 ("Having failed to identify any misleading or deceptive statements, any amendment to [p]laintiffs' consumer protection claims would be futile.").

13

through an initial round of briefing, oral argument, the submission of letters, and – most notably – the filing of an amended complaint that has not made Mr. Engram's claims any more plausible. *See Obodai v. YouTube LLC*, 840 F. Supp. 2d 714, 716 (S.D.N.Y. 2011) ("Plaintiff was put on notice of this defect in his pleadings through the defendants' first motion to dismiss of November 21, 2011, and has had an opportunity to amend the complaint. His claims are therefore d[ismissed] with prejudice."). Accordingly, dismissal should be with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint in its entirety with prejudice.

| | |
|---|---|
| Dated: August 26, 2020 | Respectfully submitted, |
| | By: /s/ Thomas E. Fox |
| *Of Counsel:* | Thomas E. Fox |
| Jessica D. Miller (admitted *pro hac vice*) | SKADDEN, ARPS, SLATE, MEAGHER |
| Jordan M. Schwartz (*pro hac vice* motion pending) | & FLOM LLP |
| | One Manhattan West |
| SKADDEN, ARPS, SLATE, MEAGHER | New York, New York 10001 |
| & FLOM LLP | Tel: (212) 735-2165 |
| 1440 New York Avenue, N.W. | Fax: (917) 777-2165 |
| Washington, D.C. 20005 | E-mail: Thomas.Fox@skadden.com |
| Tel: (202) 371-7000 | |
| Fax: (202) 393-5760 | |
| E-mail: Jessica.Miller@skadden.com, | |
| Jordan.Schwartz@skadden.com | |

*Attorneys for Defendant GSK Consumer Healthcare Holdings (US) LLC*