**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLINTON ENGRAM, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GSK CONSUMER HEALTHCARE HOLDINGS (US) INC.,<br><br>　　　　　　　Defendant. | Case No. 1:19-cv-02886-ERK-PK |

# PLAINTIFF'S CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 1

LEGAL STANDARDS ................................................................................................................ 3

ARGUMENT ................................................................................................................................ 3

I.  PLAINTIFF HAS SUFFICIENTLY ALLEGED DECEPTION ........................................ 3

    A.  Defendant Cannot Assert Truthfulness as a Defense for Alleged Deception ......... 5

    B.  The So-Called Disclaimer on the Back of Packing Is Insufficient to
Correct or Clarify the Misleading Statement on the Front of the Product .............. 6

    C.  Survey Evidence Further Supports Plaintiff's Allegations of Actionable
Deception ................................................................................................................ 8

II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM DOES NOT DUPLICATE HIS
GBL CLAIMS .................................................................................................................. 10

CONCLUSION ........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Ackerman v. Coca-Cola Co.*, No. 09-cv-00395-JG,
   2010 WL 2925955 (E.D.N.Y. July 21, 2010) .................................................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................ 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 3, 9

*Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003) ................................................................... 5

*Branca v. Nordstrom, Inc.*, No. 14-cv-2062 MMA,
   2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) ................................................................. 9

*Carias v. Monsanto Co.*, No. 15-cv-03677-JMA-GRB,
   2016 WL 6803780 (E.D.N.Y. Sept. 30, 2016) ............................................................... 4

*Comfort v. Ricola USA, Inc.*, No. 19-cv-06089-CJS,
   2019 WL 6050301 (W.D.N.Y. Nov. 15, 2019) ............................................................. 8

*Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) ........................................................ 3

*Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437 (2d Cir. 2015) ........................... 3

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001) ................................................................. 3

*Henry v. Daytop Vill., Inc.*, 42 F.3d 89 (2d Cir. 1994) ................................................... 10

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-md-02413-RRM-RLM,
   2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ............................................................... 9

*Joseph v. J.M. Smucker Co.*, No. 17-CV-8735 FMO,
   2019 WL 1219708 (C.D. Cal. Mar. 13, 2019) ............................................................... 9

*Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282 (1999) ............................................................... 4

*Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) ............................................ passim

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
   85 N.Y.2d 20 (1995) ....................................................................................................... 3

*Paulino v. Conopco, Inc.*, No. 14-cv-05145-JG-RML,
   2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) ............................................................... 4

*People ex rel. Spitzer v. Gen. Elec. Co.*, 756 N.Y.S.2d 520 (1st Dep't 2003) ................. 5

*Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17–CV-02713 JAK,
   2017 WL 9362139 (C.D. Cal. 2017) .................................................................................. 9

*Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*, __ F. Supp.3d __,
   No. 1:19-cv-00768-BMC, 2020 WL 4931045 (E.D.N.Y. August 24, 2020) ................... passim

*Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *10 (E.D.N.Y. Sept. 14, 2015) ........... 4

*Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB),
   2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ...................................................................... 4

*St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144 (E.D.N.Y. 2010) .............................. 10

*Warner v. StarKist Co.*, No. 1:18-cv-00406-GLS-ATB,
   2019 WL 1332573 (N.D.N.Y. Mar. 25, 2019) ...................................................................... 10

**Statutes**

New York General Business Law section 349 ...................................................................... passim

New York General Business Law section 350 ...................................................................... passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8 ........................................................................................ 3, 10

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 3

Plaintiff Clinton Engram ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion to dismiss his Amended Complaint, ECF No. 29, by Defendant GSK Consumer Healthcare Holdings (US) Inc. ("Defendant" or "GSK").

For the reasons given below, the Court should deny Defendant's Motion.

## INTRODUCTION

With this Court's permission, Plaintiff amended his complaint and significantly streamlined this litigation. Plaintiff now alleges claims for damages for violation of New York General Business Law ("GBL") sections 349 and 350 and unjust enrichment on behalf of himself and a New York class. Defendant, likewise, has limited its arguments amd argues that Plaintiff's Amended Complaint should be dismissed with prejudice only because (1) he does not plausibly allege that he was mislead and (2) his claim for unjust enrichment claim is duplicative. *See* Defendant's Memorandum in Support of Motion to Dismiss Amended Complaint ("Def. Mem."). Neither argument can be the basis for dismissal of the Amended Complaint, and Defendant's motion should be denied.

## FACTUAL BACKGROUND

As shown in the image below, Defendant prominently states, "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15," on the front label of every tube of its Chapstick brand lip balm/sunscreen combination products (the "Products"). Amended Complaint ("Am. Compl.") at ¶¶ 1, 3.



The "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15" representations on the Product cause consumers to expect the Products to provide eight hours of extended wear protection from the sun. *Id.* at ¶ 4. That a reasonable consumer would be misled by the Product's representation is confirmed by a survey conducted in May of 2020 by a neutral third party of 402 consumers in which 259 of them (64.4%) believed, based on the label, that the Product provides 8 hours of sun protection. *Id.* at ¶ 5. In reality, the Product only provides 2 hours of sun protection. *Id.* at ¶ 6.

Consumers value sun protection products that provide longer protection from the sun and thus pay more for them. *Id.* at ¶ 7. Compared to other similar products without misleading representations regarding sun protection, the Products are sold at a premium price of no less than $3.99 per Product, excluding tax,. *Id.* at ¶ 11. In addition to causing consumers to pay a premium price for the Products, the misrepresentations at issue increase the risk of consumer harm by encouraging less frequent application and under-application of the Products. *Id.* at ¶ 8.

Plaintiff Clinton Engram purchased a Product bearing the "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15" statements. *Id.* at ¶ 18. Mr. Engram relied upon the "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15" representations to believe that the product he bought would provide 8 hours of SPF 15 protection. He would not have bought the Product, or paid a premium for it, if he had known the truth that the Product does not provide 8 hours of SPF 15 protection. *Id.* at ¶ 18.

Plaintiff Engram asserts claims for violation of GBL §§ 349 and 350 and unjust enrichment, *id.* at ¶¶ 30-50, on behalf of a proposed class of similarly situated consumers who purchased the Products in New York during the period from February 7, 2013 to the date of judgment against

Defendant. *Id.* at ¶ 21. Plaintiff seeks monetary relief as well as expenses and reasonable attorneys' fees. *Id.* at 9 (Prayer for Relief).

## LEGAL STANDARDS

On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. The court "is required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015).

Under Rule 8(d)(2) and (3), "the plaintiff is at liberty to plead different theories, even if they are inconsistent with one another, and the court must accept each sufficiently pleaded theory at face value, without regard to its inconsistency with other parts of the complaint." *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) (citing Fed. R. Civ. P. 8(d)(3) and *Gregory v. Daly*, 243 F.3d 687, 701 n.12 (2d Cir. 2001)).

## ARGUMENT

I. **PLAINTIFF HAS PLAUSIBLY ALLEGED DECEPTION**

Plaintiff brings claims under GBL §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) (internal quotation and citation

3

omitted). "These statutes on their face apply to virtually all economic activity, and their application has been correspondingly broad." *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 290 (1999) (footnote and citations omitted). "The reach of these statutes 'provide[s] needed authority to cope with the numerous, ever-changing types of false and deceptive business practices which plague consumers in our State.'" *Id.* (citation omitted).

To state a claim for false advertising or deceptive business practices under New York law, "a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (internal quotation and citation omitted). Whether a representation is likely to mislead a reasonable consumer is usually a question of fact, and consequently courts in this district are reluctant to dismiss GBL claims on a motion to dismiss. *See, e.g., Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *10 (E.D.N.Y. Sept. 14, 2015) ("What a reasonable consumer's interpretation of a seller's representation might be is generally an issue of fact that is not appropriate for decision on a motion to dismiss. I cannot say as a matter of law at this early stage of the case that a reasonable consumer could not interpret [defendant's] representations to be a factual claim about [the product's] ingredients.") (internal citation omitted); *Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*, __ F. Supp.3d __, No. 1:19-cv-00768-BMC, 2020 WL 4931045, at *7 (E.D.N.Y. August 24, 2020) (denying motion to dismiss); *Carias v. Monsanto Co.*, No. 15-cv-03677-JMA-GRB, 2016 WL 6803780, at *9 (E.D.N.Y. Sept. 30, 2016) (same); *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794, at *8 (E.D.N.Y. Sept. 26, 2016) (same); *Paulino v. Conopco, Inc.*, No. 14-cv-05145-JG, 2015 WL 4895234, at *1, *5–6 (E.D.N.Y. Aug. 17, 2015) (same); *Ackerman v. Coca-Cola Co.*, No. 09-cv-00395-JG, 2010 WL 2925955, at *6, *22–23 (E.D.N.Y. July 21, 2010) (same).

Here, Plaintiff has plausibly alleged Defendant's "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15" statements on the front of the Products are likely to deceive reasonable consumers into believing the Products provide eight hours of protection from the sun, when in fact the Products only provide two hours of protection.

**A. Defendant Cannot Assert Truthfulness as a Defense for Alleged Deception**

Defendant argues Plaintiff's allegations of deception are implausible because the front of the package "clearly and unambiguously states that ChapStick Moisturizer provides eight hours of moisture, a representation that plaintiff does not allege is false or deceptive." Def. Mem. at 6. Whether or not the Products actually provide eight hours of moisture is outside the allegations in the Amended Complaint. However, even if Defendant could establish with proper evidentiary basis that the "8 HOUR MOISTURE" representation were literally truthful, Plaintiff plausibly alleged the "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15" statements on the front of the Product nonetheless are misleading.

GBL §§ 349 and 350 prohibit not only marketing claims that are literally false, but claims that have the capacity "to mislead even reasonable consumers acting reasonably under the circumstances." *Boule v. Hutton*, 328 F.3d 84, 93 (2d Cir. 2003) (technically true statements are actionable under New York GBL §§ 349 and 350 if they are misleading); *People ex rel. Spitzer v. Gen. Elec. Co.*, 756 N.Y.S.2d 520, 523 (1st Dep't 2003) (same). Thus, Defendant cannot defeat Plaintiff's claim with a defense of technical accuracy.

The Second Circuit's decision in *Mantikas v. Kellogg Co.* is directly on point and governs here.

In *Mantikas*, the district court dismissed a complaint that alleged false advertising and deceptive business practices under the GBL. *Mantikas*, 910 F.3d at 634, 635 n.1. The subject of

5

the case was a cracker sold in boxes that bore on their front labels the words "WHOLE GRAIN" or "MADE WITH WHOLE GRAIN" in large letters, as well as the statement "Made with 5g [or 8g] of WHOLE GRAIN per serving." *Id.* at 634–36. The plaintiffs alleged the "WHOLE GRAIN" representations led them to believe the product was made predominantly of whole grain, when in fact the grain content was predominantly enriched white flour. *Id.* at 634–35, 637. The defendant moved to dismiss. *Id.* at 636. The district court granted the motion, reasoning that "the boxes accurately displayed, on the front panel, the precise number of grams of whole grain per serving," and "a reasonable consumer would not be misled by a product's packaging that states the exact amount of the ingredient in question." *Id.*

On appeal, the Second Circuit vacated the district court's order for reversible error and remanded, holding the plaintiffs had plausibly alleged deception and the fact that the front label bore technically accurate statements regarding grain content was insufficient to dispel the plaintiffs' claim that the "WHOLE GRAIN" claims were deceptive. *Id.* at 637.

Here, as in *Mantikas*, the fact that the "8 HOUR MOISTURE" statement may technically be accurate does not render the "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15" statements unactionable as a matter of law. Plaintiff has plausibly alleged those statement in the context of the front of the product is likely to mislead reasonable consumers. *See also Sharpe*, 2020 WL 4931045, at *5 ("even the technically accurate Nutrition Facts panel [in *Mantikas*] did not 'render [p]laintiffs' allegations of deception implausible'") (quoting *Mantikas*).

### B. The So-Called Disclaimer on the Back of Certain Packaging Is Insufficient to Correct or Clarify the Misleading Statement on the Front of the Product

Defendant argues that if the "8 HOUR MOISTURE/SPF 15" statement were ambiguous, Defendant could rely on the directions on the back of certain packaging to clear up the ambiguity.

6

Def. Mem. 7-10. As an initial matter, Defendant does not and cannot argue that there is any text on the Product itself that indicates that the Product provides only two hours of protection from the sun. In contrast, Defendant prominently places on the front label of every tube of the Product the representations, "SKIN PROTECTANT | SUNSCREEN" and "8 HOUR MOISTURE/SPF 15."



Am. Compl. at ¶ 3.

Defendant has established, at best, when the Product was bought by defense counsel in Washington DC at a CVS on August 10, 2020, the Product was in a blister pack that had small print directions on the back informing consumers to "reapply at least every 2 hours." *See* Declaration of Jordan M. Schwartz. Even if Defendant could establish with proper evidentiary basis that the Products were uniformly sold in this manner in the state of New York during the entirety of the class period (which it cannot because the Products are sold just in the tube – *i.e.* not in blister packs – in stores throughout New York), this Court cannot accept Defendant's contention that a directive to "reapply at least every 2 hours" in small print on the back of the packaging absolves Defendant of its front label representations.

As Judge Cogan explained in *Sharpe*, 2020 WL 4931045, at *4, the Second Circuit's decision in *Mantikas* forecloses this argument. The product at issue in *Sharpe* were sodas that displayed "Made With Aged Vanilla" on the front of their packaging and the bottles themselves. The defendants in that case argued that the small print disclosure, "Naturally and Artificially Flavored," dispelled consumer confusion by leading consumers to understand that there may be

7

artificial vanilla in the products. Judge Cogan rejected this argument:

> [T]o adequately review this disclosure on some of the products, one must maneuver and rotate the bottle. If the Court in *Mantikas* emphasized that a consumer should not be expected to turn and consult the side of a box to correct misleading information set forth in large bold type on the front of the box, I see no reason why a consumer purchasing a bottle of soda should be expected to do the same. *See* 910 F.3d at 637

*Sharpe,* 2020 WL 4931045, at *5.

The United States District Court for the Western District of New York reached the same conclusion in *Comfort v. Ricola USA, Inc.* The court held:

> Since this case is at the preliminary stage, the Court is required to "draw all inferences in favor of the plaintiff." The Second Circuit's decision in *Mantikas* does not support Ricola's argument that labeling on the front of a package could be ambiguous and that additional labeling on the sides or back could clarify the ambiguity and render the front of the package not deceptive. All Plaintiffs need to show is that "the deceptive conduct was 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"

*Comfort v. Ricola USA, Inc.*, No. 19-cv-06089-CJS, 2019 WL 6050301, at *4 (W.D.N.Y. Nov. 15, 2019) (citations omitted). This Court similarly should deny Defendant's argument under *Mantikas* that its small print direction to "reapply at least every 2 hours" on the back of certain packaging dispels the alleged consumer deception. Under *Mantikas*, consumers need not turn a box, a bottle, or the blister pack to clarify any ambiguity. And here, there is nothing on the Product itself to clarify the statements found on the tube's labelling.

### C. Survey Evidence Further Supports Plaintiff's Allegations of Actionable Deception

Plaintiff has sufficiently alleged actionable deception based on his first-hand experience. However, Plaintiff also provided survey evidence that supports his allegations that a reasonable consumer would be misled by the labeling on the Product, just as he was misled. Am. Compl. at ¶¶ 5. Recently, Judge Cogan of this District found a similar survey "persuasive extrinsic evidence

8

that the overwhelming percentage of consumers share [plaintiffs'] misconception." *Sharpe,* 2020 WL 4931045, at *5 (denying motion to dismiss).

Defendant improperly questions the methodology of the survey on its motion to dismiss. Def. Mem. at 11. Survey evidence is not necessary to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (notice pleading standard "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests"). However, "[w]hen consumer survey data is incorporated into a complaint, the Court must presume its truth on a motion to dismiss, even if a defendant has raised colorable arguments as to the reliability of the survey methodology." *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17–CV-02713 JAK, 2017 WL 9362139, at *7 (C.D. Cal. 2017) (internal quotation marks and alterations omitted; denying motion to dismiss); *Joseph v. J.M. Smucker Co.*, No. 17-CV-8735 FMO, 2019 WL 1219708, at *3 (C.D. Cal. Mar. 13, 2019) (same). Allegations regarding the survey are factual assertions, which must be taken as true as with all other factual allegations in the Amended Complaint. Any weighing of evidence is inappropriate on a motion to dismiss. *Branca v. Nordstrom, Inc.*, No. 14-cv-2062 MMA, 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015) (rejecting argument regarding lack of survey detail, finding it "premature, as Plaintiff need not prove his claims at the motion to dismiss stage…. The consumer survey data is incorporated into Plaintiff's SAC, therefore the Court must presume its truth.").

With an allegation that 64.4% of consumers surveyed believed that the Product provided 8 hours of sun protection, this is not the rare situation in which dismissal as a matter of law is appropriate because the claims "border on fantasy." *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-md-02413-RRM-RLM, 2013 WL 4647512, at *16 (E.D.N.Y. Aug. 29, 2013) ("In short, the reasonable consumer inquiry is, in most instances, a factual one.").

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM DOES NOT DUPLICATE HIS GBL CLAIMS

Defendant asks the Court to dismiss Plaintiff's unjust enrichment claim as duplicative. Def. Mem. 12-13. But, as the court in *Warner v. StarKist Co.* explained:

> [Defendant] argues that [plaintiff's] unjust enrichment claim must be dismissed because it is duplicative of his GBL claims…. [Defendant] fails to persuade the court that this claim should be dismissed at this stage.
>
> The elements for an unjust enrichment claim are distinct from the elements for GBL claims under §§ 349 and 350.… Thus, "a 'reasonable trier of fact could find unjust enrichment … without establishing all the elements for one of [plaintiff's other] claims sounding in law.'"

*Warner v. StarKist Co.*, No. 1:18-cv-00406-GLS-ATB, 2019 WL 1332573, at *2–3 (N.D.N.Y. Mar. 25, 2019) (citations omitted); *see also Delgado v. Ocwen Loan Servicing, LLC*, 13-CV-4427, 2017 WL 5201079, at *15 (E.D.N.Y. Nov. 9, 2017) (denying motion to dismiss unjust enrichment claim where the plaintiff also asserted violations of state consumer protection statutes, including GBL). Indeed, not only are the elements for Plaintiff's GBL claims different than for his unjust enrichment claim, but the statute of limitations are different. The statute of limitations for the GBL §§ 349 and 350 claims is three years. The statute of limitations for unjust enrichment under New York law is six years. Finally, Federal Rule of Civil Procedure 8(d)(2) and 8(d)(3) explicitly permit Plaintiff to assert claims in the alternative, regardless of consistency. *See Columbia Univ.*, 831 F.3d at 48; *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994); *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 183 (E.D.N.Y. 2010).

Plaintiff's unjust enrichment claim should not be dismissed at this stage as duplicative of his claims under GBL §§ 349 and 350. *See Sharpe*, 2020 WL 4931045, at *7 (denying motion to dismiss and concluding that the plaintiffs' GBL § 349 and § 350 and unjust enrichment claims may proceed).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss.

Date: September 18, 2020

Respectfully submitted,

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam
*snam@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*