# Skadden, Arps, Slate, Meagher & Flom LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7850
DIRECT FAX
(202) 661-0525
EMAIL ADDRESS
Jessica.Miller@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

December 8, 2020

**Via ECF**

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Engram v. GSK Consumer Healthcare Holdings (US), Inc.*,
       No. 1:19-cv-02886-EK-PK

Dear Judge Komitee:

  On behalf of defendant GSK Consumer Healthcare Holdings (US) Inc. ("GSK"), I am writing to bring to the Court's attention a recent decision by Judge Valerie Caproni in *Pichardo v. Only What You Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) (attached as Ex. 1), which supports GSK's motion to dismiss Clinton Engram's Amended Complaint.

  In *Pichardo*, two plaintiffs – represented by the same lawyers who are representing Mr. Engram here – commenced a putative class action, alleging that the labeling on the defendant's vanilla-based protein drink violated New York's General Business Law §§ 349-50. The gravamen of their lawsuit was that the front of the labeling on the product was materially misleading because the vanilla flavor is not derived ***exclusively*** from the vanilla plant but instead has additional flavoring ingredients. 2020 WL 6323775, at *1. The court found that there was "no basis" "to conclude that a reasonable consumer would be misled by the label to believe that all (or even most) of the vanilla taste comes from vanilla extract" because "the label on [d]efendant's protein drink does not state that it is 'made with vanilla extract' or even contain the words 'vanilla extract.'" *Id.* at *3. In so finding, the court explained that the Second Circuit's decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), was "inapposite" because that case involved a specific affirmative misstatement (i.e., "whole grain") that "falsely implies that the predominant ingredient [in the Cheez-Its crackers] is whole grain flour, not white

flour," *Pichardo*, 2020 WL 6323775, at *4. "In contrast, stating that a protein drink is vanilla flavored when it is, even without clarifying the source of the vanilla, does not mislead because ***reasonable consumers would expect a vanilla taste***, and that is exactly what they get." *Id.* (emphasis added).

The *Pichardo* court also rejected the plaintiffs' reliance on a consumer survey that their "counsel conducted," which did "not plausibly support [their] claim." *Id.* According to the court, the plaintiffs "improperly conflated two responses" from the survey. *Id.* at *4 n.7. Specifically, the respondents were shown a picture of the product's bottle and asked: "What does the label . . . convey about the origin of the vanilla taste?" *Id.* The respondents had five choices, two of which were: "That it comes from vanilla beans from the vanilla plant" and "[t]hat it comes from both the vanilla plant and non-vanilla sources." *Id.* While the plaintiffs argued that the respondents who selected the former response were conveying their belief that the vanilla flavor comes "100%" from the vanilla plant, "[t]hat [was] not, however, the most plausible reading of the survey response." *Id.* As the court explained, "[p]laintiffs constructed the survey," and "[i]f they wanted to ascertain whether respondents thought the flavor came 100% from the vanilla plant, that would have been an easy enough response to draft." *Id.*

The *Pichardo* court's treatment of *Mantikas* and the survey in that case support GSK's arguments here. Just as *Mantikas* was inapposite in *Pichardo* because the drink label did not specifically state "'made with vanilla extract'" or "even contain the words 'vanilla extract,'" here, the labeling of ChapStick Moisturizer does not state that it provides consumers with eight hours of SPF 15 protection. And just like the plaintiffs in *Pichardo*, Mr. Engram has submitted a survey to the Court that contains leading and loaded questions, rather than direct questions that would determine whether plaintiff's theory of deception has any merit.

Sincerely,

Jessica D. Miller