# REESE LLP

VIA CM/ECF
The Honorable Eric J. Komitee
District Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

December 16, 2020

Re: *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*,
Case No. 1:19-cv-02886-ERK-PK (E.D.N.Y.)

Dear Judge Komitee:

Along with co-counsel, we represent Plaintiff Clinton Engram ("Plaintiff") in the above-referenced matter.

We respectfully make this submission to bring to Your Honor's attention the recent appellate decision in the matter of *Bell v. Publix Super Markets, Inc.*, Case Nos. 19-2581, 19-2741, --- F.3d. ---, 2020 WL 7137786 (7th Cir. Dec. 7, 2020), which provides further support why Defendant's motion to dismiss must be denied.

Defendant GSK Consumer HealthCare Holdings (US) Inc. ("Defendant") asks Your Honor to ignore the allegations of the Complaint, including survey evidence, and rule as a matter of law how a reasonable consumer would interpret the label at issue. In *Bell*, the Seventh Circuit, relying on precedent from this Circuit – *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) – held that the district court committed reversable error in doing just that:

> The district court's dismissal erred by departing from the Rule 12(b)(6) standard and attributing to ordinary supermarket shoppers a mode of interpretation more familiar to judges trying to interpret statutes in the quiet of their chambers…. ***Consumer-protection laws do not impose on average consumers an objection to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product.*** See, e.g., *Danone, US, LLC v. Chobani, LLC*, 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019) ("[A] parent walking down the dairy aisle in a grocery store, possibly with a child or two in tow, is not likely to study with great diligence the contents of a complicated product package, searching for and making sense of fine-print disclosures ... . Nor does the law expect this of the reasonable consumer.").

*Bell*, 2020 WL 7137786, at *3 (emphasis added).

The appellate court then explained that consumer protection laws prohibit both outright false representations as well as those that are literally true but deceptive. However, "[r]egardless of the theory advanced by the plaintiff, ***whether a claim is either false or misleading is an issue of fact rather than law.***" *Id.* at *6 (emphasis added). Accordingly, the appellate court reversed the district court, holding that:

> These questions [regarding the reasonable consumer] may not be answered as a matter of law simply because lawyers can construe an ambiguous claim in a way that would not be deceptive. Plaintiffs are entitled to present evidence on how consumers actually understand these labels.

*Id.* at *7 (noting that the plaintiff submitted consumer survey evidence in their complaint).

Here, Defendant is asking Your Honor to rule the same way that the district court did in *Bell*, which was overturned on appeal. Following the reasoning of *Bell*, which cites governing appellate authority from the Second Circuit, Defendant's motion to dismiss must be denied.

Respectfully submitted,

Michael R. Reese